UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **CHRIS SAMY,** Defendant. | 2:16-CR-20610-TGB-DRG-1 **ORDER DENYING DEFENDANT'S MOTION TO SEAL (ECF NO. 92)** |

Chris Samy, formerly a medical doctor, was convicted of conspiring to possess controlled substances with intent to distribute. 21 U.S.C. §§ 841(a)(1), 846. Having satisfied the terms of her criminal sentence, she now moves to seal the records in her case. (ECF No. 92.) For the reasons explained below, her motion will be **DENIED**.

## I. BACKGROUND

In 2018, Samy pleaded guilty to one count of conspiring to possess controlled substances with intent to distribute. 21 U.S.C. §§ 841(a)(1), 846. At her plea hearing, she admitted to knowingly prescribing highly addictive medications "outside the course of legitimate medical practice" on several occasions. (Plea Hr'g, ECF No. 64, 20:8-15.) Before accepting her plea, the Court warned her that a felony conviction would carry consequences for the rest of her life and could "impact immediately whether [she could] keep practicing medicine." (*Id.* at 8:7-11.)

At sentencing, the prosecutor explained that Samy had agreed to a suspension of her medical license. (Sentencing Hr'g, ECF No. 65, 18:2-6.) The restoration of her license would not be "automatic;" she would need to reapply, and the licensing board would weigh her conviction during the process. (*Id.* at 18:6-9.) Samy's lawyer asserted that she had "no interest" in reapplying for her license. (*Id.* at 31:4-9.) And Samy herself told the Court during allocution that she knew she would "never be able to practice medicine again, something that causes me great pain but which I understand is something I have to do." (*Id.* at 32:19-25)

Ultimately, the Court imposed a below-guidelines sentence of 3 years' imprisonment followed by a 3-year term of supervised release. In imposing the sentence, the then-presiding judge, the Honorable Arthur J. Tarnow, remarked that "the chance [of Samy] practicing medicine or being in a position to practice medicine after this sentence should be and hopefully will be between remote and non-existent both because of age and because of regulations." (*Id.* at 36:3-10; J., ECF No. 58.)

Two years later, in 2020, Judge Tarnow granted Samy compassionate release, concluding that continuing her incarceration in light of her age (she was 72 years old), chronic health conditions (twelve different serious ailments, including uncontrolled hypertension, congestive heart failure, Type II diabetes, and asthma), and the COVID-19 pandemic "could be a lethal decision." (ECF No. 88, PageID.1102.) And in 2021, Samy was granted early termination from her term of supervised

2

release—after persuading the Court that, "as a licen[s]eless, nonpracticing physician"—she presented no danger to the public. (ECF No. 88, PageID.1112; ECF No. 91.)

In November 2022, Samy moved to seal the records in her case. (ECF No. 92.) The case was then transferred to the undersigned, who ordered the government to respond. Having reviewed the government's response (ECF No. 94.), the Court is prepared address the motion.

## II. LEGAL STANDARD

The right of public access to judicial records is presumed. *Shane Grp, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). While the right is not absolute, the party seeking to seal court records bears a heavy burden to overcome the presumption of open court proceedings. *Id.* The greater the public interest in the litigation's subject matter, the greater the showing that is necessary to overcome the presumption. *Id.* And even when a party can show a compelling reason why certain documents should be sealed, the seal must be narrowly tailored to serve that reason. *Id.* Before a court seals a record, it must set forth specific findings and conclusions justifying the nondisclosure to the public. *Id.*

## III. DISCUSSION

Samy requests that her criminal records be sealed because "she wishes to begin anew by having her license reinstated and resuming the practice of medicine without the glaring blemish on her reputation that

3

the public record represents." (ECF No. 92, PageID.1119.) Noting that records of her conviction are likely to prevent the reinstatement of her medical license, she argues that there is a strong public interest in allowing qualified doctors to practice medicine without impediment. (*Id.* at PageID.1120) She further asserts that an open criminal record is unnecessarily punitive because she has already paid the debt for her offense. (*Id.*)

In response, the government highlights that—to gain discretionary relief from her sentence, such as compassionate release and early termination of supervised release—Samy repeatedly represented that she would never practice medicine again. (ECF No. 94, PageID.1134.) The government also points out that the decision whether to reinstate Samy's license is reserved for the licensing board and argues that the board should be fully equipped with information about her criminal conduct to make an informed decision. (*Id.*) Additionally, it asserts, Samy's criminal records must remain open to protect the public and provide it with notice of the consequences she has faced for her past actions. (*Id.* at PageID.1136.)

Although Samy's request is styled as a motion to seal records from her case, it is essentially a request for expungement. The Court does not have an inherent, equitable power to expunge criminal records. *United States v. Lucido*, 612 F.3d 871, 874-76 (6th Cir. 2010). Several statutes authorize different types of expungement motions, *see, e.g.*, 18 U.S.C.

4

§ 3607(c); 5 U.S.C. § 552a(g), but Samy admits that none apply to her circumstances. (ECF No. 92, PageID.1117.)

To the extent the court retains ancillary jurisdiction to consider expungement motions, such authority would extend only to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through government misconduct. *See United States v. Field*, 756 F.3d 911, 915-16 (6th Cir. 2014) (collecting cases). Samy does not challenge the validity of her conviction; she tries only to minimize its seriousness. She asserts that her acts of knowingly over-prescribing highly addictive medications without a legitimate medical basis were "only one very small part of a greater whole where drug companies, and cartel drug runners are the real, larger culprits"—and that her patients, some of whom died as a consequence of her actions, "were complicit … as well." (ECF No. 92, PageID.1122.) These assertions are disingenuous at best and certainly fail to confer expungement authority on the Court.

The Court concludes that Samy has not established a "compelling reason" to seal her criminal records. She was warned during her plea proceedings that difficulty in getting medical her license reinstated would be a likely consequence of a felony conviction. *See United States v. Townsend*, No. 2:09-CR-00118, 2014 WL 1884229, at *3 (S.D. Ohio May 9, 2014). As the government has noted, the licensing board is entitled to fully review her conduct to make an informed decision as to whether she

5

should be allowed to practice medicine again. *See* MCL § 338.41(1) (defining "good moral character" as "the propensity on the part of an individual to serve the public in the licensed area in a fair, honest, and open manner"). And providing explanations for past criminal conduct is generally expected from those seeking to enter (or re-enter) professions. *United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977).

Moreover, although the Court recognizes that Samy has satisfied the terms of her sentence, the government and the public have a long-recognized interest in maintaining criminal records. *See Lucido*, 612 F.3d at 877. Simply showing that information could, or would, cause harm to her reputation "is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1179 (6th Cir. 1983). And it may be worth noting that, in this case, sealing the defendant's criminal records would provide little protection for her reputation. Due to the notoriety of her case, information about her conviction and sentence is freely available in many news articles available after a quick Internet search.

## IV. CONCLUSION

For the reasons set forth above, Samy's motion to seal is **DENIED**.

**IT IS SO ORDERED**, this 24th day of January, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge